IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LAVARRA ELISE MACK**                                                                                         **PLAINTIFF**

**V.**                                                                          **CAUSE NO. 3:21-CV-419-CWR-MTP**

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION**                                                                         **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This matter is before the Court on submission of the Report and Recommendations entered by United States Magistrate Judge Michael T. Parker on August 9, 2022. Docket No. 14. Magistrate Judge Parker recommends that this Court affirm the Commissioner's final decision denying disability benefits and dismiss this action with prejudice. *Id.* The plaintiff objects. Docket No. 15.

The Court has reviewed *de novo* the Report and Recommendation and concludes that it should be adopted. Accordingly, the plaintiff's claim is dismissed with prejudice.

**I.     Factual and Procedural History**

Plaintiff Lavarra Mack filed an application for disability benefits on August 29, 2019, for a period of disability starting February 9, 2019. Docket No. 9 ("Administrative Record" or "AR") at 66-68. In it, she professed disability due to back disorders and high cholesterol. *Id.* at 77-78. Her claim was denied on February 10, 2021. *Id.* at 25-33. Upon reconsideration in April 2021, the claim was denied again. *Id.* The Administrative Law Judge ("ALJ") found that the plaintiff suffered from degenerative disc disease and obesity, but that those impairment lacked the severity to constitute listed impairments per 20 C.F.R. Part 404, Subpart P, Appendix. 1. *Id.* at 24-26. Finally, the ALJ concluded that plaintiff's work-related limitations permitted "light work," for

which many jobs in the national economy were available. Accordingly, the plaintiff was deemed not disabled. *Id.* at 27-28.

## II.  Legal Standard

> [O]n appeal from a decision of an administrative law judge, a reviewing court limits itself to two questions: (1) whether there is substantial evidence in the record to support the decision and (2) whether the decision comports with relevant legal standards.

*Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (citations and quotations omitted). And "conflicts in the evidence are to be resolved by the Commissioner, not the courts." *Oddo v. Astrue*, No. 1:09-CV-323-LG-RHW, 2010 U.S. Dist. LEXIS 105978, 2010 WL 3937627, *1 (S.D. Miss. Oct. 4, 2010) (citations omitted).

## III.  Discussion

Mack contends that the ALJ erred in rejecting her treating physician's determination of her capacity to stand/walk/sit and instead adopting the state agency physicians' adverse determination of the same. She argues that the ALJ's decision failed to evaluate her treating physician's persuasiveness and was conclusory. Though framed as a "substantial evidence" challenge, her contentions are procedural. *See Glass v. Comm'r of Soc. Sec.*, No. 2:20-CV-207-TBM-RPM, 2022 U.S. Dist. LEXIS 60130, at *5 (S.D. Miss. Jan. 12, 2022) ("Whether the ALJ properly evaluated medical opinions and whether substantial evidence supports an [residual functional capacity] determination are legally distinct issues.").

The Court disagrees that the ALJ erred procedurally or substantively.

The ALJ explicitly addressed the plaintiff's treating physician's, Dr. Hartness, persuasiveness. Indeed, as to the plaintiff's capacity to lift and carry, the ALJ noted that Dr.

Hartness was persuasive and adopted those limitations wholesale. In rejecting Dr. Hartness' opinion as to the plaintiff's stand/walk/sit capacity, the ALJ noted that both prior to and after Dr. Hartness' exam, the plaintiff reported no musculoskeletal pain. Moreover, around the same time as Dr. Hartness' exam, the plaintiff underwent a laminectomy, microdiscectomy, and epidural steroid injections, and was reported as having a normal range of motion, normal muscle strength, and a normal gait without assistive device. Thus, the ALJ found that plaintiff's full medical record supported some, but not all, of Dr. Hartness' limitations.

Based on the foregoing, the Court finds that the ALJ adequately evaluated Dr. Hartness' medical opinion and explained as much. Furthermore, the Court finds that substantial evidence supported the ALJ's ultimate decision.

Whereas Dr. Hartness advised that the plaintiff could only stand, walk and/or sit for four hours in an eight-hour day, *see* AR at 23, one state agency physician determined that plaintiff could stand, walk and/or sit for six hours in an eight-hour day, and another state agency physician concurred in that opinion, *see* AR at 73 and 94. "Substantial evidence" means "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). That standard has been met here.

IV.   **Conclusion**

For these reasons, the Commissioner's final decision is AFFIRMED and this action is DISMISSED with prejudice. A separate Final Judgment shall issue.

**SO ORDERED**, this the 24th day of August, 2022.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE